LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>URBAN COMMONS, LLC,<br><br>    Debtor.<br>_____<br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>BRIGHTON RIVERSIDE, LLC,<br><br>    Defendant.<br>_____ | Case No. 2:21-bk-13523-WB<br><br>Chapter 7<br><br>Adv. No. 2:23-ap-01307-WB<br><br>FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS<br><br>[11 U.S.C. §§ 105, 502, 544, 550, 551 Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09]<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1375<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Carolyn A. Dye the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* avers and complains, by way of this Complaint, as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Brighton Riverside, LLC ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, et seq. of the FRBP and 11 U.S.C. §§ 105, 502, 544, 547, 548, 550 and 551 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or

1  related to cases under Title 11 of the United States Code,
2  including General Order No. 13-05, dated July 1, 2013.
3      4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409
4  as this adversary proceeding arises under and in connection with
5  In re Urban Commons, LLC a chapter 7 bankruptcy case pending in
6  the United States Bankruptcy Court, Central District, Los
7  Angeles Division (the "Court") as Case No. 2:21-bk-13523-WB (the
8  "Bankruptcy Case").
9      5. Plaintiff consents to entry of final orders or judgment by
10 the Court.

**RELEVANT BACKGROUND, PARTIES, AND**

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

13     6. The Bankruptcy Case was initiated by the filing of an
14 Involuntary Petition against Urban Commons, LLC ("Debtor") on
15 April 29, 2021 (the "Petition Date").
16     7. On June 24, 2021, the Order for Relief was entered in this
17 case.
18     8. On June 24, 2021, the United States Trustee appointed
19 Carolyn A. Dye, as the Chapter 7 Trustee.
20     9. Plaintiff brings this action solely in her capacity as
21 chapter 7 trustee for the Debtor's estate and its respective
22 creditors. To the extent that Plaintiff hereby asserts
23 claims under 11 U.S.C. § 544(b), Plaintiff is informed and
24 believes, and on that basis alleges thereon, that there exists
25 in this case one or more creditors holding unsecured claims
26 allowable under 11 U.S.C. § 502, or that are not allowable only
27 under 11 U.S.C. § 502(e) who could have avoided the respective
28

1 | transfers or obligations under California or other applicable
2 | law before the Petition Date.
3 |     10.    Plaintiff was appointed as chapter 7 trustee after the
4 | Petition Date. As a result, Plaintiff does not have personal
5 | knowledge of the facts alleged in this Complaint that occurred
6 | prior to her appointment and, therefore, alleges all those facts
7 | on information and belief. Plaintiff reserves the right to amend
8 | this Complaint to allege additional claims against defendants
9 | and to challenge and recover transfers made to or for the
10 | benefit of defendants in addition to those transfers alleged in
11 | this Complaint.
12 |     11.    The Trustee is informed and believes and based thereon
13 | alleges that Defendant Brighton Riverside, LLC ("Defendant") is
14 | a Limited Liability Company formed in California that is doing
15 | business in this state and is subject to the jurisdiction of
16 | this Court.  At all relevant times, the Defendant was the
17 | initial transferee of the transfers alleged herein or was the
18 | party for whose benefit the transfers were made and/or an
19 | immediate or mediate transferee of such initial transferee.
20 |     12.    With respect to the Defendant, during the period prior
21 | to the Petition Date, the Debtor made approximately 2 payments
22 | to the Defendant in the total aggregate amount of $1,186,844.00
23 | during the four-year period prior to the Petition Date (the
24 | "Four-Year Transfers") See Exhibit "1" attached hereto.
25 | / / /
26 | / / /
27 | / / /
28 | / / /

**FIRST CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)

13. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

14. Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of the Defendant.

15. Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers (a) without receiving any reasonably equivalent value in exchange for the transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

16. Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Four-Year Transfers were voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or

who have filed proofs of claim against the Debtor's estate.

17. Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Four-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Debtor's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

### SECOND CLAIM FOR RELIEF

(Avoidance and Recovery of Voidable Transfers
Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and
California Civil Code §§ 3439.05 and 3439.07)

18. The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19. The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of Defendant without receiving a reasonably equivalent value in exchange for the Four-Year Transfers because the Four-Year Transfers were made for no consideration.

20. The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor was insolvent at the time of the Four-Year Transfers or became insolvent as a result of the Four-Year Transfers in that the sum of the Debtor's debts exceeded all of the Debtor's assets.

21. The Four-Year Transfers constitute voidable transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq., and therefore, are avoidable by the Trustee.

**THIRD CLAIM FOR RELIEF**

[For Recovery and Preservation Of Transfer

11 U.S.C. §§ 550 and 551]

22. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 22 of this Complaint, inclusive, as though fully set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges that Defendant is the initial transferee of the Four-Year Fraudulent Transfers, and to the extent it was not the initial transferee, it was the immediate or mediate transferee of the initial transferee of the Four-Year Fraudulent Transfers.

24. Upon avoidance of the Four-Year Fraudulent Transfers, as alleged herein, Plaintiff is entitled to recover the Four-Year Fraudulent Transfers, together with interest at the applicable rate from the date of the Four-Year Fraudulent Transfers from Defendant as the initial transferee, the immediate or mediate transferee of such initial transferee, or as the entity for whose benefit the Four-Year Transfers were made, pursuant to 11 U.S.C. § 550 and to preserve them pursuant to 11 U.S.C. § 551.

**FOURTH CLAIM FOR RELIEF**

[For Disallowance of Claim - 11 U.S.C. § 502]

25. Plaintiff realleges and incorporates herein by this reference the foregoing allegations in paragraphs 1 through 25 of this Complaint, inclusive, as though fully set forth herein.

26. The Four-Year Transfers are recoverable from Defendant pursuant to 11 U.S.C. §550, and Defendant has not paid the amount of the Four-Year Fraudulent Transfers to the Plaintiff.

Case 2:23-ap-01307-WB    Doc 9    Filed 02/17/24    Entered 02/17/24 11:41:40    Desc
Main Document    Page 8 of 12

27. Based on the foregoing, any and all claims of the Defendant against the Debtor must be disallowed pursuant to 11 U.S.C. § 502(d).

**RESERVATION OF RIGHTS**

28. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Four-Year Fraudulent Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

29. Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by the Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. On the First and Second Claims for Relief: A judgment in favor of Plaintiff and against Defendant (1) avoiding the Four-Year Transfers, (2) entitling Plaintiff to recover from Defendant the Four-Year Transfers or the value thereof, for the benefit of the estate, and (3) entitling Plaintiff to recover from Defendant attorneys' fees and expenses incurred in

connection with the claims asserted herein to the extent allowable under applicable law;

 B. On the Third Claim for Relief: A judgment that Plaintiff is entitled to recover and preserve the Four-Year Transfers, or the value thereof, from Defendant under 11 U.S.C. §§ 550 and 551;

 C. On the Fourth Claim for Relief: A judgment in favor of Plaintiff and against Defendant disallowing any and all claims of the Defendant against Debtor;

 D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: February 17, 2024   PEÑA & SOMA, APC

        By: /s/ Leonard Peña
         LEONARD PEÑA
         JULIE A. SOMA
         Attorneys for Plaintiff
         Carolyn A. Dye,
         Chapter 7 Trustee

# EXHIBIT "1"

Account number: 6977520649 ▪ August 1, 2018 - August 31, 2018 ▪ Page 2 of 4



## Credits

### Electronic deposits/bank credits

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 08/01 | 3,000.00 | WT Seq206521 US Hospitality Investme /Org=US Hospitality Investments LLC Srf# Gb00000017957919 Trn#180801206521 Rfb# 10695 |
| | 08/07 | 1,495,010.00 | WT Seq146683 Urban Commons Queensway /Org=Urban Commons Queensway LLC Srf# Loan Return Trn#180807146683 Rfb# 10706 |
| | 08/07 | 566.00 | eDeposit IN Branch/Store 08/07/18 03:41:08 PM 1800 Avenue of The Stars Los Angeles CA |
| | 08/08 | 400,000.00 | WT Fed#04397 Jpmorgan Chase Ban /Org=Libsi, Inc. Srf# 4663600220Es Trn#180808097122 Rfb# Dcd of 18/08/08 |
| | 08/09 | 1,000,000.00 | WT Fed#00340 First General Bank /Org=Happy Tree Inc. Srf# 1222440610019185 Trn#180809114986 Rfb# |
| | 08/22 | 2,500,000.00 | WT Seq#88490 Urban Commons Sunset Bl /Org=Urban Commons Sunset Blvd, LLC Srf# Gb00000018429863 Trn#180822088490 Rfb# 10747 |
| | 08/24 | 283.33 | eDeposit IN Branch/Store 08/24/18 02:13:09 PM 1800 Avenue of The Stars Los Angeles CA |
| | 08/29 | 358,000.00 | WT Seq185216 Urban Commons Hialeah L /Org=Urban Commons Hialeah LLC Srf# Gb00000018612249 Trn#180829185216 Rfb# 10759 |
| | 08/31 | 2,000,000.00 | WT Fed#00180 Pacific Premier Ba /Org=Urban Commons LLC Srf# 201808310037080 Trn#180831175001 Rfb# |
| | | **$7,756,859.33** | **Total electronic deposits/bank credits** |
| | | **$7,756,859.33** | **Total credits** |

## Debits

### Electronic debits/bank debits

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 08/02 | 30,719.48 | WT Fed#01083 Commerce Bank /Ftr/Bnf=Ipfs Corporation Srf# Txh-786641 Trn#180801208065 Rfb# 10696 |
| | 08/07 | 500,000.00 | WT Seq146699 Brighton Riverside, LLC /Bnf=Brighton Riverside LLC Srf# Wsac Trn#180807146699 Rfb# 10707 |
| | 08/07 | 25,000.00 | Online Transfer to Woods T Ref #Ib04Y3Hy42 Prime Checking Interest to Tw for Hw Loan |
| | 08/07 | 1,941.00 | WF Bus Credit Auto Pay 180807 90398805530922 Woods,Taylor |
| | 08/08 | 38,149.03 | WT Fed#04741 Bank of Hope /Ftr/Bnf=Yosemite Valley Beef Distributors Srf# IL Cha Balance Trn#180807151148 Rfb# 10708 |
| | 08/08 | 10,000.00 | WT Fed#07064 Open Bank /Ftr/Bnf=Chul Hoon Cho Srf# 2 Quarters Trn#180808143187 Rfb# 10710 |
| | 08/10 | 25,000.00 | WT Fed#03725 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000018174171 Trn#180810117220 Rfb# 10729 |
| | 08/10 | 25,000.00 | WT Fed#03925 Bank of America, N /Ftr/Bnf=2W Asset Management, LLC Srf# Due to From Trn#180810117233 Rfb# 10730 |
| | 08/10 | 6,234.38 < | Business to Business ACH Debit - Consumer Lend/Op Loan Pymt 92800023160485 Urban Commons Battery |
| | 08/13 | 155.35 | Client Analysis Srvc Chrg 180810 Svc Chge 0718 000006977520649 |

Account number: 6977520649 ■ August 1, 2018 - August 31, 2018 ■ Page 3 of 4



### Electronic debits/bank debits (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
|  | 08/15 | 686,844.00 | WT Seq133209 Brighton Riverside, LLC /Bnf=Brighton Riverside LLC Srf# Wsac Buyout Trn#180815133209 Rfb# 10736 |
|  | 08/16 | 12,000.00 | WT Seq148027 Urban Commons Hialeah L /Bnf=Urban Commons Hialeah LLC Srf# Vendor Payments Trn#180816148027 Rfb# 10741 |
|  | 08/17 | 750,000.00 | WT Seq119291 Howard Wu /Bnf=Howard Wu Srf# Gw00000018343054 Trn#180817119291 Rfb# 10745 |
|  | 08/17 | 750,000.00 | WT Seq119302 Taylor R Woods /Bnf=Taylor Woods Srf# Gw00000018343524 Trn#180817119302 Rfb# 10744 |
|  | 08/21 | 25,000.00 | WT Fed#09810 Bank of America, N /Ftr/Bnf=Urban Commons, LLC Srf# Gw00000018400684 Trn#180821097341 Rfb# 10746 |
|  | 08/23 | 4,734.25 < | Business to Business ACH Debit - Consumer Lend/Op Loan Pymt 92800023160386 Wu Howard |
|  | 08/29 | 389,008.72 | WT Fed#00362 Jpmorgan Chase Ban /Ftr/Bnf=United Overseas Bank Limited, Srf# Uc Danbury, LLC Trn#180829007156 Rfb# 10757 |
|  | 08/30 | 510.23 | American Express ACH Pmt 180830 R9142 Urban Commons |
|  | 08/31 | 1,750,000.00 | WT Seq227896 Taylor R Woods /Bnf=Taylor Woods Srf# Gw00000018693965 Trn#180831227896 Rfb# 10811 |
|  | 08/31 | 1,750,000.00 | WT Seq227904 Howard Wu /Bnf=Howard Wu Srf# Gw00000018693782 Trn#180831227904 Rfb# 10812 |
|  |  | **$6,780,296.44** | **Total electronic debits/bank debits** |

< Business to Business ACH: If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.

### Checks paid

| Number | Amount | Date | Number | Amount | Date | Number | Amount | Date |
|---|---|---|---|---|---|---|---|---|
| 106 | 1,565.00 | 08/14 | 109 | 60,709.80 | 08/27 | 112 | 30,354.90 | 08/27 |
| 107 | 1,375.00 | 08/13 | 110 | 60,709.80 | 08/24 | 113 | 91,064.70 | 08/27 |
| 108 | 9,213.00 | 08/15 | 111 | 60,709.80 | 08/24 | 114 | 2,000.00 | 08/23 |
|  | **$317,702.00** |  | **Total checks paid** |  |  |  |  |  |
|  | **$7,097,998.44** |  | **Total debits** |  |  |  |  |  |

## Daily ledger balance summary

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 07/31 | 27,779.62 | 08/13 | 2,262,781.38 | 08/23 | 2,521,425.13 |
| 08/01 | 30,779.62 | 08/14 | 2,261,216.38 | 08/24 | 2,400,288.86 |
| 08/02 | 60.14 | 08/15 | 1,565,159.38 | 08/27 | 2,218,159.46 |
| 08/07 | 968,695.14 | 08/16 | 1,553,159.38 | 08/29 | 2,187,150.74 |
| 08/08 | 1,320,546.11 | 08/17 | 53,159.38 | 08/30 | 2,186,640.51 |
| 08/09 | 2,320,546.11 | 08/21 | 28,159.38 | 08/31 | 686,640.51 |
| 08/10 | 2,264,311.73 | 08/22 | 2,528,159.38 |  |  |

Average daily ledger balance        $1,324,648.96